IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RAY DEAN WILSON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA, et. al.,<br><br>Respondents. | CV 15-110-H-DLC-JTJ<br><br>ORDER and FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On December 11, 2015, Petitioner Ray Dean Wilson filed a Petition for Writ of Habeas Corpus. (Doc. 1.) Wilson then filed four supplements to his original petition. (Docs. 3-6.) Wilson is a state prisoner proceeding pro se.

**I.     Motion to Proceed In Forma Pauperis**

Mr. Wilson has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis (Doc. 4-1) will be granted.

**II.    28 U.S.C. § 2254**

Mr. Wilson's filings are difficult to follow. From what the undersigned has been able to discern, Wilson's problems began at 102 E. Second Street, an abandoned residence in Butte. It seems that at some point in time Wilson may have played a part in fire damage that occurred inside the residence or in its

1

driveway. (Doc. 1 at 6, 9.) Wilson was apparently required to clean up the property as part of the Butte Silverbow "Community Enrichment Program." *Id*. at 7. During this cleanup, Wilson contends he was assaulted either by members of the Silverbow County Health Department or Butte City police officers. *Id*. at 7, 16.

The exact ownership of the property remains unclear and apparently is disputed. Wilson claims to have lawfully executed a quit claim deed on July 12, 2015. *Id*. at 8-10, 13; *see also* (Doc. 4 at 2, 4, 8). By virtue of either the disputed ownership or the requirement that Wilson return to the property to clean/repair damages, Wilson asserts that he was entrapped by County Attorneys Sam Cox and Mike Clauge, as well as the Second Judicial District Court. (Doc. 1 at 7-8; Doc. 4 at 9.)

Wilson also alleges that others have committed wrongs against him. It seems he believes that family members have wrongfully taken money from him (Doc. 1 at 2), a lower court perpetuated a fraud against him (*id*.), and the State and the Office of the Public Defender are unjustly questioning his mental stability and requiring an evaluation be performed (*id*. at 3-4). In his filings, Wilson seeks compensation for various damages; he also seeks an award for liable and slander committed by the State and by various Montana newspapers that have labeled him a "squatter." (Doc. 4 at 1.)

Wilson alleges several constitutional violations, namely that: he was charged without probable cause (Doc. 1 at 4, 12; Doc. 3 at 1; Doc. 4 at 1); there was an illegal search and seizure (Doc. 3 at 4); his Sixth Amendment right to a trial and counsel has been violated (Doc. 1 at 5, 12; Doc. 4 at 4-5); his Eighth Amendment rights have been violated due to lack of medical care and lack of a reasonable bail amount (Doc. 3 at 5; Doc. 4 at 2-3, 5); and his right to due process has been violated (Doc.1 at 5; Doc. 3 at 3). Wilson seeks release from custody.

It appears that the trial court has ordered Wilson to undergo a psychological evaluation at the Montana State Hospital, but that he disagrees with that decision. (Doc. 4 at 4.) This Court was able to verify that Wilson does have an active criminal case pending in the Second Judicial District Court, Cause No. DC-15-169. He is facing charges of Trespass, Criminal Possession of Dangerous Drugs, and Criminal Possession of Drug Paraphernalia. The matter is not yet set for trial, and all proceedings have been stayed pending the outcome of the psychological evaluation.

Wilson has filed this action prematurely. Before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim he raises in federal court. 28 U.S.C. 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Sarei v. Rio Tinto*, PLC, 550 F. 3d 822, 828-29 (9th Cir. 2008) (en banc)

(describing all federal common-law exhaustion doctrines as originating in habeas corpus to prevent "unnecessary conflict between federal [courts] and state courts" or other tribunals) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886) (internal brackets omitted)); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (imposing exhaustion requirement under 28 U.S.C. § 2241). In addition, under *Younger v. Harris*, 401 U.S. 37 (1971), "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45.

Instead, a person held in custody under the authority of a state must use the procedures the state makes available to challenge his custody. Wilson does not even have a trial date set. After Wilson has completed all proceedings in the lower court and any subsequent review, including a direct appeal to the Montana Supreme Court or collateral post-conviction proceedings, he may file in federal court. At this point, the petition should be dismissed without prejudice. Dismissal at this time will not prejudice Wilson or materially alter his position, provided he follows the State's rules and procedures. *Slack v. McDaniel*, 529 U.S. 472, 485-86 (2000); 28 U.S.C. § 2244(d)(1)(A), (d)(2).

It is worth noting that to the extent Wilson seeks to challenge the fact or duration of his confinement, a writ of habeas corpus is the proper remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Young v. Kenny*, 907 F. 2d 874 (9th

4

Cir. 1989). Challenges Wilson wishes to advance relating to the conditions of his confinement are proper under a civil rights action pursuant to 42 U.S.C. § 1983. Wilson has an active Section 1983 matter pending;[1] he may have valid claims there that will not be affected by the dismissal of this action.

A certificate of appealability should be denied because reasonable jurists could not find grounds to doubt the procedural ruling. *Lambright v. Stewart*, 220 F. 3d 1022, 1026 (9th Cir. 2000) (quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the undersigned enters the following:

## ORDER

Mr. Wilson's motion to proceed in forma pauperis (Doc. 4-1) is **GRANTED**.

## RECOMMENDATIONS

1. Mr. Wilson's petition (Doc. 1) and supplements (Doc. 3-6) should be **DISMISSED** without prejudice for failure to exhaust state remedies.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

---

[1] *See Wilson v. Second Judicial District Court*, CV 14-186-M-DLC-JCL.

Mr. Wilson may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Wilson must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 25th day of January, 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.